UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LABORERS LOCAL 236, AFL-CIO,
AFSCME LOCAL 60, AFL-CIO, and
JAMIE O'BRIEN,

          Plaintiffs,

    -vs-                                Case No. 11 CV 462

SCOTT WALKER, in his individual capacity and as
Governor of the State of Wisconsin, JAMES R. SCOTT,
in his individual capacity and as Chair, and
JUDITH NEUMANN and RODNEY G. PASCH, in
their individual capacities and as Members, of the
Wisconsin Employment Relations Commission,

          Defendants.

---

## COMPLAINT

---

      COME NOW the Plaintiffs named above, by their Attorneys, Ehlke, Bero-Lehmann & Lounsbury, S.C. and Bruce F. Ehlke, Colleen Bero-Lehmann and Katy Lounsbury, and, as and for their complaint in this case, allege and show the United States District Court as follows:

      1.    This action arises under the United States Constitution, in particular, the Ist and XIVth Amendments to the United States Constitution. The Plaintiffs, Laborers Local 236 and AFSCME Local 60, and the employees who they represent, and Jamie O'Brien, all are persons within the meaning of the XIVth Amendment to the United

States Constitution. The named Defendants are being sued in their individual and in their official capacities. This action is brought pursuant to 28 U.S.C. Secs. 1331, 1343, 2201 and 2202, and 42 U.S.C. Secs. 1983 and 1988.

2.     The Plaintiff, Laborers Local 236, AFL-CIO, was chartered by the Laborers International Union of North America in 1934.  It is an organization of individual employees of the City of Madison, Wisconsin who have associated together in order to bargain collectively with their employer, to educate the public regarding employees' right to engage in collective bargaining, to engage in legislative and other activities to promote and advance the welfare of workers and all people, to establish and support a retirement program for retirees and in order to engage in other lawful activities.  Laborers Local 236 is a labor organization within the meaning of Sec. 111.70(1)(h), Wis. Stat. (2009-2010). It is affiliated with the AFL-CIO.

3.     Laborers Local 236 is the duly certified representative of a bargaining unit that consists of approximately 240 employees of the Public Works Department of the City of Madison and certain other City agencies or departments, of which employees perhaps five or six are "fair share" employees within the meaning of Sec. 111.70(1)(f), Wis. Stat. (2009-2010).  The President of Laborers Local 236 is Kevin Reilly and the Business Agent is Michael O'Brien, both of whom have their offices at 2021 Atwood Avenue, Madison, Wisconsin, 53704.

4.     The Plaintiff, AFSCME Local 60, AFL-CIO, was chartered by the American Federation of State, County and Municipal Employees in 1936. It is an organization of individual employees of the City of Madison, the Madison Metropolitan School District and other municipalities in Dane County, Wisconsin who have associated

together in order to bargain collectively with their respective employers, to advance the social, economic, and general welfare of public sector employees, to cooperate in providing efficient public service, to foster and promote a liberal and progressive attitude toward public administration, and to engage in political and other lawful activities. AFSCME Local 60 is a labor organization within the meaning of Sec. 111.70(1)(h), Wis. Stat. (2009-2010). It is affiliated with the AFL-CIO.

5.     AFSCME Local 60 is the duly certified representative of a number of bargaining units that consist of municipal employees throughout Dane County. Altogether, AFSCME Local 60 represents approximately 2,438 employees of which employees, perhaps 31 are "fair share" employees within the meaning of Sec. 111.70(1)(f), Wis. Stat. (2009-2010). The president of AFSCME Local 60 is Donald Coyier, who has his offices at 1602 South Park Street, Room 102, Madison, Wisconsin 53715, and the Staff Representative is Jennifer McCulley, who has her offices at 8033 Excelsior Drive, Suite B, Madison, Wisconsin, 53717.

6.     Employees who are represented by the aforesaid Plaintiff labor organizations perform physically demanding and dangerous work that requires strong physical conditioning. This work involves a high frequency and severity of work place injuries. The work performed by the employees who are represented by the Plaintiff labor organizations is essential to the health and safety, as well as the welfare, of the citizens of the communities that they serve.

7.     The Plaintiff, Jamie O'Brien, is an employee of the Public Works Department of the City of Madison.  She is represented by and is a member of Laborers

3

Local 236, and has been since April, 2006.  She resides at 4201 Portland Circle, Madison, Wisconsin 53714.

8.    The Defendant, Scott Walker, is the Governor of the State of Wisconsin. As Governor, Walker is the chief executive officer of the State and responsible for administering the programs and policies established by the Wisconsin Legislature.  He has his offices at the State Capitol, in Madison, Dane County, Wisconsin.

9.    James R. Scott is the Chair, and Judith Neumann and Rodney G. Pasch are Members, of the Wisconsin Employment Relations Commission.  The Commission is the executive agency responsible for administering the Municipal Employment Relations Act, Sec. 111.70, Wis. Stat., and other Wisconsin labor relations statutes.  The Commissioners have their offices at 1457 East Washington Avenue, Suite 101, Madison, Dane County, Wisconsin.

10.    On March 9, 2011 the Senate of the State of Wisconsin and, then, on March 10, 2011, the Wisconsin Assembly, both bodies acting under color of State law, purported to pass the January 2011 Special Session Assembly Bill 11, as amended by Conference Substitute Amendment 1, which Bill also is known as the Budget Repair Bill. The Budget Repair Bill, as passed by the Senate and Assembly of the State of Wisconsin, was enrolled and presented to Governor Walker, who, acting under color of the authority of his office, approved the same on March 11, 2011.  As approved by the Governor, the Budget Repair Bill was numbered as 2011 Wisconsin Act 10. Said Act was published by the Secretary of State on June 28, 2011 and, thereby, given effect as of June 29, 2011.

11.    Heretofore, the Municipal Employment Relations Act, Sec. 111.70 et seq., Wis. Stat., has recognized, protected and fostered the right of local government

employees in Wisconsin to bargain collectively with their employers. The aforesaid 2011 Wisconsin Act 10 amends the Municipal Employment Relations Act, Sec. 111.70 et seq., Wis. Stat., in significant respects that directly affect the employment relationship between the City of Madison and other municipalities, and their employees, including Jamie O'Brien and the other employees who are represented by Laborers Local 236 and AFSCME Local 60, and it effectively undermines and substantially eliminates the right of local government employees to bargain with their employers.

12.    Among other things, by way of example, but not limitation, as it concerns general employees, said 2011 Wisconsin Act 10 limits the terms of collectively bargained agreements to one year and prohibits any extension of such agreements; requires the Wisconsin Employment Relations Commission to conduct collective bargaining representation elections every year and provides that, if a representative fails to obtain at least 51 percent of the votes of all represented employees, whether or not the employees vote in the election, the representative shall be decertified and not be permitted to seek certification as a representative for at least a year thereafter; makes it unlawful for a municipal employer to bargain with a labor organization, that is acting on behalf of the employees, regarding anything other than wages and, then, only to a very limited and essentially negative extent; prohibits payroll union dues deductions for represented employees; and it eliminates the "fair share" payment requirement for employees who do not want to pay a union for the services provided on their behalf, while, at the same time, it imposes an obligation on the labor organization representatives to represent the interests of such "free riders", even when they do not pay anything for the services provided. These provisions substantially impair the ability of public sector labor

organizations to maintain themselves and to express the collective viewpoint of their members and otherwise engage in activities that are of mutual interest to those employees who want to associate with each other for such purposes; and they impose a burden on and significantly interfere with the ability of individuals, such as Jamie O'Brien, to associate with and support public sector labor organizations and to express their concerns regarding matters of mutual interest in concert with other employees.

13.     The aforesaid Act 10, by way of further example, but, again, without limitation, provides that many of the limitations imposed on general employees who are represented by labor organizations do not apply to employees who are not so represented. Many of said limitations also do not apply to firefighters and law enforcement officers, emergency medical service employees and transit workers, who are represented by labor organizations. These provisions treat those general employees who are represented by public sector labor organizations in ways that are different in significant respects from the ways in which they treat employees who are not represented by any labor organization; and they treat some limited number of public sector employees who are represented by labor organizations in ways that are different from the ways in which they treat most employees who are represented by public sector labor organizations, thereby creating unnecessary conflict among the employees and divisions within and among public sector labor organizations.

Causes of Action

14.     The provisions of 2011 Wisconsin Act 10 that are referred to at paragraphs 11, 12 and 13 of this Complaint impose a substantial burden on and impair the exercise

by municipal employees of their constitutionally secured right to associate and assemble, and to express their views in concert with one another and petition their State and local governments regarding matters that are of mutual concern to them. There is no constitutionally acceptable governmental interest to justify imposing said burden on the exercise of the employees' constitutionally secured rights and said provisions are in derogation of the rights secured at the Ist and XIVth Amendments to the United States Constitution.

15.    The provisions of 2011 Wisconsin Act 10 that are referred to at paragraphs 11, 12 and 13 of this Complaint deny the equal protection of the law to general municipal employees who are represented by a labor organization or who might want to associate with and be represented by a labor organization. There is not a constitutionally reasonable basis to justify such unequal treatment under the law and said provisions are in derogation of the rights secured at the XIVth Amendment to the United States Constitution.

16.    At this point, the implementation of the aforesaid 2011 Wisconsin Act 10 is imminent. If that Act is implemented and applied to the Plaintiffs, the constitutionally secured and other rights of Laborers Local 236 and AFSCME Local 60, and the employees who they represent, and Jamie O'Brien, irreparably will be harmed.

WHEREFORE, It Is Prayed that the United States District Court issue its decision and declaratory judgment, declaring the said 2011 Wisconsin Act 10 to be in derogation of the freedom and liberty secured to all persons at the Ist and XIVth Amendments to the United States Constitution, and void; that the District Court permanently enjoin the

implementation of 2011 Wisconsin Act 10; and that the Court grant such other and

further relief as may be appropriate in this case, including, but without limitation,

attorney fees and costs.

Dated: July 6, 2011.

Respectfully Submitted,

EHLKE, BERO-LEHMANN & LOUNSBURY, S.C.

_____

Bruce F. Ehlke, State Bar No. 1011270
behlke@ehlkelaw.com
Colleen Bero-Lehmann, State Bar No. 1031382
clehmann@ehlkelaw.com
Katy Lounsbury, State Bar No. 1041107
klounsbury@ehlkelaw.com
6502 Grand Teton Plaza, Suite 202
Madison, WI 53719
(608) 827-9750
http://www.ehlkelaw.com
Attorneys For Laborers Local 236, AFSCME Local 60
and Jamie O'Brien