IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LABORERS LOCAL 236, AFL-CIO,
AFSCME LOCAL 60, AFL-CIO and
JAMIE O'BRIEN,

                Plaintiffs,                OPINION AND ORDER

   v.

                                              11-cv-462-wmc

SCOTT WALKER, JAMES R. SCOTT,
JUDITH NEUMANN and RODNEY G.
PASCH,

                Defendants.

---

      This is the second case before this court concerning constitutional challenges to Act 10.  In *Wisconsin Education Association Counsel v. Walker*, No. 11-cv-428 (W.D. Wis. June 15, 2011), the court found that Act 10's annual recertification requirement by an absolute majority of employees in general unions violated the Equal Protection Clause and that Act 10's prohibition on automatic dues withholding for general employees violated the First Amendment.  *Wis. Educ. Ass'n Council v. Walker*, 824 F. Supp. 2d 856 (W.D. Wis. 2012).  As such, the court enjoined defendants from enforcing these two provisions.  The Seventh Circuit reversed the court, finding that all the challenged provisions survived First Amendment and Equal Protection challenges.  *Wis. Educ. Ass'n Council v. Walker*, 705 F.3d 640 (7th Cir. 2013).

      Plaintiffs here pursue some of the same claims and legal theories as the *WEAC* plaintiffs.  Given the Seventh Circuit's binding resolution of those claims, the court will only consider claims unique to this case.  Specifically, the court will consider defendants'

motion for judgment on the pleadings with respect to plaintiffs' claims that (1) Act 10's restrictions on collective bargaining improperly burdens municipal employees' right to associate, assemble and express their views in concert in violation of the First Amendment of the United States Constitution; and (2) Act 10 violates the Equal Protection Clause by treating individuals represented by a collective bargaining unit different than unrepresented individuals. (Dkt. #27.) For the reasons that follow, the court will grant the motion finding that plaintiffs have failed to state a claim for relief under either the First or Fourteenth Amendments.[1]

## ALLEGATIONS OF FACT

Plaintiff Laborers Local 236, AFL-CIO is a labor organization within the meaning of Wis. Stat. § 111.70(1)(h). Laborers Local is the certified representative of a bargaining unit that consists of approximately 240 employees of the Public Works Department of the City of Madison. Plaintiff AFSCME Local 60, AFL-CIO also is a labor organization within the meaning of § 111.70(1)(h). AFSCME Local 60 is the certified representative of a number of bargaining units comprising approximately 2,400 municipal employees throughout Dane County. Plaintiff Jamie O'Brien in an employee of the Public Works Department of the City of Madison and a member of Laborers Local 236.

---

[1] Also before the court is plaintiffs' motion for reconsideration of the court's prior order denying plaintiffs' appeal of Magistrate Judge Crocker's decision. (Dkt. #46.) Plaintiffs' underlying motion to compel discovery is mooted by the court's order entering judgment in favor of defendant.

Defendants are the Governor of Wisconsin and three members of the Wisconsin Employment Relations Commission ("WERC").

In March 2011, the Wisconsin legislature passed the January 2011 Special Session Assembly Bill 11, also known as the "Budget Repair Bill," as amended by Conference Substitute Amendment 1. The Bill was numbered as 2011 Wisconsin Act 10, published on June 28, 2011, and given effect as of June 29, 2011.

Act 10 amends the Municipal Employment Relations Act, Sec. 111.70 *et seq.*, in the following respects, among others:

- Limits the terms of collectively-bargained agreements to one year and prohibits extension of such agreements;

- Requires WERC to conduct collective bargaining representation elections every year, and requires collective bargaining units to obtain at least 51 percent of the votes of all represented employees (an absolute majority) in order to be recertified;

- Makes it unlawful for a municipal employer to bargain with a labor organization regarding anything other than some aspects of wages;

- Prohibits automatic union dues deductions from the pay of represented employees; and

- Eliminates the "fair share" payment requirement from employees who choose not to be represented by the union.

These changes to the union's collective bargaining rights only apply to so-called "general employees." They do not apply to firefighters, law enforcement officers, emergency medical service employees and transit workers (so-called "public safety employees").

Plaintiffs alleges that

> [t]hese provisions substantially impair the ability of public sector labor organizations to maintain themselves and to express the collective viewpoint of their members and

3

> otherwise engage in activities that are of mutual interest to those employees who want to associate with each other for such purposes; and they impose a burden on and significantly interfere with the ability of individuals, such as Jamie O'Brien, to associate with and support public sector labor organizations and to express their concerns regarding matters of mutual interest in concert with other employees.

(Compl. (dkt. #1) ¶ 12.)

Similarly, plaintiffs contend that the provisions of Act 10 treat general employees who are represented by a labor organization different than those employees who are not. Specifically, plaintiffs allege that

> [t]hese provisions treat those general employees who are represented by public sector labor organizations in ways that are different in significant respects from the ways in which they treat employees who are not represented by any labor organization; and they treat some limited number of public sector employees who are represented by labor organizations in ways that are different from the ways in which they treat most employees who are represented by public sector labor organizations, thereby creating unnecessary conflict among the employees and divisions within and among public sector labor organizations.

(Compl. (dkt. #1) ¶ 13.)

Plaintiffs allege two causes of action: (1) a First Amendment violation of rights of municipal employees to associate, assemble and express their views in concert; and (2) an equal protection violation based on the differential treatment of general employees as compared to public safety employees.

4

PRELIMINARY MATTERS

**I. Motion to Intervene**

Christopher King and Carie Kendrick move to intervene as defendants in this matter pursuant to Federal Rule of Civil Procedure 24(a)(2). (Mot. to Intervene (dkt. #14).) King is a social service specialist employed by Western Wisconsin Cares, a public long-term care district, and a member of a bargaining unit represented exclusively by AFSCME Local 340, AFL-CIO, and AFSCME Wisconsin Council 40. Kendrick is a custodian employed by the University of Wisconsin-Whitewater, and a member of a bargaining unit represented exclusively by AFSCME Local 1131 and AFSCME Council 24, Wisconsin State Employees Union. King and Kendrick object to being compelled to pay union fees as a condition of their employment and seek to argue that mandatory union membership and the payment of dues violate their First Amendment rights.

The law is well-established that "employees can be required to contribute fair share fees to compensate unions for their representational activities." *Sorrell v. Am. Fed'n of State, Cnty., Mun. Employees*, No. 02-2909, 2002 WL 31688916, 52 Fed. Appx. 285, at *1 (7th Cir. Nov. 22, 2002) (unpublished) (citing *Lehnert v. Ferris Faculty Ass'n*, 500 U.S. 507, 519 (1991)). As importantly, plaintiffs' challenge to Act 10 to the elimination of fair share dues payments by dissenting employees, like the proposed intervening defendants, is a relatively minor aspect of their claim. The proposed intervening defendants' unique First Amendment claim is, therefore, tangential to the subject matter of this lawsuit. *See Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985) ("[T]he applicant must have a direct and substantial interest in the subject matter of the

5

litigation."). Even if this were not true, the current defendants can adequately represent their interests. *See Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 774 (7th Cir. 2007) ("[W]hen the representative party is a governmental body charged by law with protecting the interests of the proposed intervenors, the representative is presumed to adequately represent their interests unless there is a showing of gross negligence or bad faith."). Accordingly, the court will deny the motion to intervene.

## II. Amicus Briefs

Also before the court are two motions for leave to file amicus curiae briefs. This court will follow the policy of the Seventh Circuit, which is to "grant permission to file an amicus brief only when (1) a party is not adequately represented (usually, is not represented at all); or (2) when the would-be amicus has a direct interest in another case, and the case in which he seeks permission to file an amicus curiae brief, may by operation of stare decisis or res judicata materially affect that interest; or (3) when the amicus has a unique perspective, or information, that can assist the court . . . beyond what the parties are able to do." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000).

While the court has denied King and Kendrick's motion to intervene, the court recognizes that the policy for acceptance of amicus briefs is substantially lower under the standard articulated by the Seventh Circuit, the court finds the motion to file an amicus brief in support of defendants' motion for judgment on the pleadings is justified. (Dkt. #43.) Arguably, at least, King and Kendrick have a unique perspective on the First Amendment implications of Act 10, which may be of some assistance to the court. The

City of Madison as a municipal employer also seeks leave to file an amicus curiae brief in opposition to defendant's motion for judgment on the pleadings. (Dkt. #26.) The court will also grant this motion, finding that the City's perspective on the legal implications of Act 10 from a municipal employer perspective may be of some assistance to the court. In light of these rulings, the court has considered both amicus curiae briefs in rendering its decision.

OPINION

**I.  First Amendment Right to Associate Claim**

Plaintiffs' First Amendment challenge to Act 10 is premised on supposed common law rights of employees to associate together for the purpose of bargaining with their employer over wages and conditions of employment. (Pls.' Opp'n (dkt. #38) 9.) Plaintiffs contrast this form of "collective bargaining" against a statutorily-established relationship, requiring employers and employees to negotiate in good faith. (*Id.* at 10.) Plaintiffs contend that Act 10's sweeping restrictions on the allowed areas of collective bargaining, limiting bargaining to the sole issue of "total base wages," renders "such activity effectively meaningless," thereby impermissibly burdening general employees' right to associate together. (*Id.* at 14.)

The implicit assumption in this argument -- that the First Amendment gives employees an unfettered right to bargain collectively -- is, at best, questionable. Labor unions were subject to federal antitrust laws under the Sherman Antitrust Act of 1890 and numerous state antitrust laws for many years before exempted by Section 6 of the

Clayton Antitrust Act of 1914, 15 U.S.C. § 17, and Section 52 of the National Labor Relations Act of 1935, 29 U.S.C. § 52.  *See Connell Constr. Co. v. Plumbers & Steamfitters*, 421 U.S. 616 (1975).  Even now, over 22 states have continued to prohibit collective bargaining under rights reserved to them by the 1947 Taft Hartley Act without running afoul of the First Amendment.  Obviously, workers retain the right to "associate," particularly government workers on subjects of public policy.  *See Smith v. Ark. State Highway Emps., Local 1315*, 441 U.S. 463, 465 (1979) ("The public employee surely can associate and speak freely and petition openly, and he is protected by the First Amendment from retaliation from doing so.").  But this does not mean public employees have a First Amendment right to associate for the purpose of bargaining collectively unless granted that right by a state.

Even if this right existed, there is an equally decisive catch.  Whatever rights public employees have to associate and petition their public employers on wages and conditions of employment, this right certainly does *not* compel the employer to listen.  As the United States Supreme Court explained in *Smith v. Arkansas State Highway Employees, Local 1315*, "the First Amendment does not impose an affirmative obligation on the government to listen, to respond or, in this context, to recognize the association and bargain with it." 441 U.S. 463, 465 (1979) (internal citations omitted); *see also Hanover Twp. Fed'n of Teachers Local 1954 v. Hanover Cmty. Sch. Corp.*, 457 F.2d 456, 461 (7th Cir. 1972) ("[The First] Amendment provides no guarantee that a speech will persuade or that advocacy will be effective."); *Indianapolis Educ. Ass'n v. Lewallen*, No. 17808, 1969 WL 11147, 72 L.R.R.M. 2071, at *2 (7th Cir. Aug. 13, 1969) ("The refusal of the

8

defendants-appellants to bargain in good faith does not equal a constitutional violation of plaintiffs-appellees' positive rights of association, free speech, petition, equal protection, or due process.").

The Municipal Employment Relations Act ("MERA"), even as amended by Act 10, still provides that:

> [m]unicipal employees have the right of self-organization, and the right to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in lawful, concerted activities for the purpose of collective bargaining or other mutual aid or protection.

Wis. Stat. § 111.70(2). As such, Act 10 does not silence general employees and their unions from engaging in collective bargaining; rather, it limits municipal *employers* from engaging in collective bargaining.

This difference is likely of no comfort to plaintiffs, but the First Amendment does not require an affirmative response from governmental entities; it simply requires the absence of a negative restriction. Under Act 10, general employees remain free to associate and represented employees and their unions remain free to speak; municipal employers are simply not allowed to listen. As such, plaintiffs have failed to state a claim under the First Amendment's right to associate, and the court will grant defendants' motion for judgment on the pleadings as to this claim.

**II. Equal Protection Claim**

In *WEAC*, the Seventh Circuit rejected the argument that the differential treatment of general employees, as compared to public safety employees, violated the

9


Equal Protection clause of the Fourteenth Amendment. Plaintiffs here assert the same challenge, but also raise an Equal Protection claim not raised in *WEAC*. Plaintiffs contend that Act 10 "disadvantage[s] represented employees, based on their exercise of the fundamental right of freedom of expression, by:

> a) Imposing limitations on base wage increases for represented employees that are not imposed on non-represented employees;
>
> b) Prohibiting municipal employees from collectively bargaining with represented employees on any subject except total base wages, while allowing an individual municipal employee to negotiate regarding any and all subjects with individual employees;
>
> c) Prohibiting municipal employers from allowing represented employees to authorize payroll deductions to pay labor organization dues, while not prohibiting municipal employers from allowing employees to authorize payroll deductions of membership dues to other organizations."

(Pls.' Opp'n (dkt. #38) 17-18.)

Putting aside plaintiffs' challenge to Act 10's prohibition of dues withholding -- which the Seventh Circuit has already rejected in *WEAC* -- the court finds that the First Amendment is not implicated in Act 10's limitations on collective bargaining for the reasons described above. As such, rational basis review is appropriate. *Heller v. Doe*, 509 U.S. 312, 319-20 (1993).

Defendants contends that there is a rational basis for treating represented employees differently than unrepresented employees with respect to bargaining over wages and other conditions of employment:

> When a public employer negotiates with its employees on an individual basis, it can easily manage the overall budget impact of wage increases by offsetting higher wage increases for well-performing employees with lower wage increases for other employees. When the employer is negotiating with a

> bargaining representative, the ability to offset higher-than-average wage increases with corresponding lower-than-average increases is constrained, if not eliminated, by i) the substantially reduced number of wage classifications at issue, in comparison to the total number of individual employees, and ii) the bargaining representative's obligation to represent the interests of the entire bargaining unit.

(Defs.' Reply (dkt. #41) 17-18.) Defendants further contend that this differential treatment is rationally related to Act 10's purpose of giving "local governments the tools necessary to manage impending revenue reductions." (*Id.* at 18.)

The court is satisfied that differential treatment of represented employees as compared to unrepresented employees with respect to bargaining over wages and conditions of employment passes rational basis review. *Heller*, 509 U.S. at 219 ("Such a classification cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose."). As such, the court finds that plaintiffs cannot state a violation of the Equal Protection clause premised on the differential treatment of represented versus unrepresented employees under Act 10. Accordingly, the court will grant defendants' motion for judgment on the pleadings with respect to this claim as well.

ORDER

IT IS ORDERED that:

1) Christopher King and Carie Kendrick's motion to intervene (dkt. #14) is DENIED; however, their motion for leave to file amici brief (dkt. #43) is GRANTED;

2) City of Madison's motion for leave to file amicus brief (dkt. #26) is GRANTED;

3) defendants' motion for judgment on the pleadings (dkt. #27) is GRANTED;

4) plaintiffs' motion for reconsideration of this court's order denying plaintiffs leave to appeal an order of the Magistrate Judge (dkt. #46) is DENIED AS MOOT; and

5) plaintiffs' motion for hearing (dkt. #60) is DENIED AS MOOT.

Entered this 11th day of September, 2013.

                            BY THE COURT:

                            /s/

                            _____
                            WILLIAM M. CONLEY
                            District Judge